UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ALBERTO FLORES HERNANDEZ, | No. 1:26-cv-03870-DAD-JDP |
| Petitioner, | |
| v. | ORDER DENYING PETITIONER'S MOTIONS |
| WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, | (Doc. Nos. 11, 12) |
| Respondent. | |

On June 1, 2026, the court ordered that this petition be transferred to the District of Maryland on the basis that the petition sought enforcement of an order issued by that district court. (Doc. No. 9.) On June 4, 2026, petitioner filed a motion for reconsideration of that order, arguing that the court's order was premised on the "incorrect assumption that an active case was pending in Maryland." (Doc. No. 11 at 1.) Petitioner's contention in this regard is mistaken: the court's order was premised on the District of Maryland possessing "exclusive jurisdiction over enforcement of its order," not on whether any action was pending in that district. (Doc. No. 9 at 1.) Moreover, this court lacks jurisdiction to reconsider its order because this action has been transferred to the District of Maryland. *See ESCO Corp. v. Cashman Equip. Co.*, No. 2:12-cv-01545-RCJ, 2014 WL 117576, at *1 (D. Nev. Jan. 10, 2014) (finding that transfer deprived the court over further jurisdiction over the case and denying a motion to reconsider the order

1

transferring the action on that basis) (citing *Lou v. Belzberg*, 834 F.2d 730, 733 (9th Cir. 1987)). Accordingly, the court will deny petitioner's motion to reconsider.

Petitioner also filed a motion to reopen this action (Doc. No. 12) on the grounds that the District of Maryland denied his petition for lack of subject matter jurisdiction. Petitioner attaches that court's order denying his petition to his motion filed with this court. (*Id.* at 6–8.) In that order, the district judge found that petitioner had already previously raised his claim that the bond hearing ordered by that court was defective in the prior habeas action and that the district judge had denied relief as to that claim. (*Id.* at 6.) The district judge reiterated that a district court lacks jurisdiction to review an immigration judge's decision to deny bond pursuant to 8 U.S.C. § 1226(e). (*Id.* at 7.) Finally, the district judge in the Maryland action found that the court had already concluded that its order requiring a bond hearing had been complied with and the court no longer had jurisdiction to "ensure compliance" with that order. (*Id.* at 8.) The district judge in Maryland concluded that any further habeas relief must be sought by petitioner in the Eastern District of California. (*Id.*)

This court will deny petitioner's motion to reopen both because it is unclear whether this court possesses jurisdiction to reopen this specific action and because consideration of petitioner's claim could result in inconsistent results given the District of Maryland's denial of petitioner's petition. *See Carthen v. Scott*, No. 1:19-cv-00227-DAD-EPG (HC), 2024 WL 4894485, at *2 (E.D. Cal. Nov. 26, 2024) (denying motion to reopen on the basis that additional proceedings could result in inconsistent results). Petitioner is advised that, if he desires to file for further habeas relief on a *new* basis that has not already been addressed by the orders issued by District of Maryland addressing his petition and related motions filed before that court, he must file a new petition for writ of habeas corpus.

/////

/////

/////

/////

/////

For the reasons above,

1.      Petitioner's motion for reconsideration (Doc. No. 11) is DENIED;

2.      Petitioner's motion to reopen this action (Doc. No. 12) is DENIED; and

3.      The Clerk of the Court is directed to disregard any further filings in this action.

IT IS SO ORDERED.

Dated:    **June 9, 2026**                          _____

                                                    DALE A. DROZD
                                                    UNITED STATES DISTRICT JUDGE

3