UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEX ALBERTO FLORES HERNANDEZ,

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,

Respondent.

No.  1:26-cv-03870-DAD-JDP

ORDER RELATING AND REASSIGNING CASES AND SETTING BRIEFING SCHEDULE ON MOTION FOR TEMPORARY RESTRAINING ORDER

ALEX ALBERTO FLORES HERNANDEZ,

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,

Respondent.

No.  1:26-cv-04569-MWJS

**New Case No.  1:26-cv-04569-DAD-JDP**

(Doc. No. 2)

An examination of the above-captioned actions reveals that they are related within the meaning of Local Rule 123(a).  Accordingly, assignment of the above-captioned actions to the same district judge and magistrate judge will promote substantial efficiency and economy for the court and is likely to be convenient for the parties.

An order relating cases under this court's Local Rule 123 merely assigns them to the same district judge and magistrate judge—it does not consolidate the cases.  The local rules of this district authorize the judge with the lowest numbered case to order the reassignment of any higher

1

numbered cases to himself or herself, upon determining that this assignment is likely to save judicial effort.  L.R. 123(c).  Such good cause appearing here, the court orders that Case No. 1:26-cv-04569-MWJS shall be reassigned to the undersigned.  The caption on documents filed in the reassigned case shall be shown as:  1:26-cv-04569-DAD-JDP.  It is further ordered that the Clerk of the Court make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

On June 15, 2026, petitioner filed a motion for temporary restraining order in the action now titled 1:26-cv-04569-DAD-JDP.  Respondents are DIRECTED to file an opposition to the pending motion for temporary restraining order no later than June 22, 2026 at 5:00 p.m.  In that opposition, respondents shall substantively address whether any provision of law or fact in this case would distinguish it from this court's decisions in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025); *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025); *Quichimbo-Jimenez v. Warden, California City Correctional Center*, 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378 (E.D. Cal. Mar. 10, 2026); *Cardenas v. Chestnut,* No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026); *J.P.C. v. Chestnut*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026), and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable.  The court will construe failure to distinguish the above cited cases as a concession that the cases are not substantively distinguishable.  If respondents oppose this court ruling on the underlying petition, then respondents are DIRECTED to indicate so and provide substantive reasons in support thereof in their opposition.

IT IS SO ORDERED.

Dated:   **June 17, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

2